# Illinois Official Reports

## Appellate Court

---

### *DiCosola v. Ryan*, 2015 IL App (1st) 150007

---

| | |
|---|---|
| Appellate Court Caption | MICHELE DiCOSOLA, Individually and on Behalf of the Business Venture Known as Auto Consignment and Exchange Depot, Plaintiff-Appellant, v. JANE RYAN, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-15-0007 |
| Filed | November 6, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-000366; the Hon. Brigid Mary McGrath, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Christopher S. Carroll, of Aurora, for appellant.<br><br>Richard J. Nogal and Sara L. Spitler, both of Goldstine, Skrodzki, Russian, Nemec & Hoff, Ltd., of Burr Ridge, for appellee. |
| Panel | JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion. |

## OPINION

¶ 1 The plaintiff, Michele DiCosola, appeals from an order of the circuit court dismissing his action against the defendant, Jane Ryan, with prejudice. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 2 The plaintiff filed a two-count complaint against the defendant, seeking damages for breach of contract in count I and specific performance of that same contract in count II. The complaint alleged, in relevant part, that the plaintiff and an individual named Shawn Mahoney desired to open a used car dealership. Lacking funds to begin the venture, the plaintiff and Mahoney entered into discussions with the defendant "whose value would be to provide financing." According to the complaint, the plaintiff, Mahoney and the defendant decided to enter into a letter of intent which was executed on September 19, 2013. A copy of the "Letter of Intent" is attached as an exhibit to the plaintiff's complaint and provides, *in haec verba*, as follows:

"Letter of Intent

This letter of intent is a meeting of the minds from the founders of Auto Consignment and Exchange Depot, an automotive dealership company. The intent of this letter is the following:

1. A Private Placement Offering (hereinafter "PPO") will be created by a Securities Law firm on behalf of Michele (A.K.A. Mike) Di Cosola, Shawn Mahoney, and Jane Ryan;

2. Michele Di Cosola will be the General Manager of the dealership and Shawn Mahoney will be the General Sales Manager.

3. Michele Di Cosola and Shawn Mahoney will be in charge of all business decisions and will have exclusive voting rights.

4. Michele Di Cosola will own 45% common shares and Shawn Mahoney will have 45% shares.

5. Jane Ryan will create a Solo 401k Roll over (name TBA) for self directing the Solo 401k founding shares and with an ownership of 10% of non voting shares.

6. The amount that will be used as start up costs for Auto Consignment and Exchange Depot will be $1,000,000.00, which will be transferred from Jane Ryan's Solo 401k to the Auto Consignment and Exchange Depot in order to have 10% shares as stated above.

7. Jane Ryan will pay for the attorney fees and additional start up costs prior to the $1,000,000.00 being deposited into Auto Consignment and Exchange Depot in order to help the structural process go under way. This will be subtracted from the $1,000,000.00 when the money has been transferred so as to refund her loan to the company.

8. The law firm will represent Mike, Shawn, Jane and Auto Consignment and Exchange Depot.

9. Funds will be provided to the new business as soon as legally able to be due.

10. All parties agree to these terms and any additional terms will be equally agreed to and protected against all parties when and if the law firm advises so."

Attached to the "Letter of Intent" is a one-page, handwritten addendum which states: "Should Jane Ryan's solo 401K choose to sell its shares, at the exclusive determination of Mike and Shawn, they will collectively decide to purchase such shares in whole or in part at 3Xs the initial investment."

¶ 3    The complaint alleges that the defendant issued a check in the sum of $5,500 payable to Centarus Legal Group on September 19, 2013, as a retainer for the preparation of a private placement offering and related documents. However, on September 24, 2013, the defendant's counsel sent a letter to Centarus Legal Group, informing it that: the defendant was not engaging that law firm; she was not going to involve herself in any business relationship or investment with the plaintiff or Mahoney, including Auto Consignment and Exchange Depot; and requesting that the plaintiff and Mahoney cease any contact or communication with the defendant.

¶ 4    The complaint asserts that "[t]he Letter of Intent forms a valid contract between [the] [p]laintiff, Mahoney and [the] [d]efendant." The complaint goes on to allege that the plaintiff performed his obligations under "the Contract" prior to the defendant's initial payment, but that the defendant breached the contract by failing to pay the $1 million resulting in the proposed corporation, Auto Consignment and Exchange Depot, never being "formed."

¶ 5    After being served with a summons and a copy of the complaint, the defendant filed an appearance and jury demand. As her responsive pleading, the defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2014)). As grounds for dismissal pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)), the defendant alleged that: (1) the complaint fails to include a necessary party, namely Mahoney; (2) both counts fail to plead the essential elements of a cause of action for breach of contract; and (3) count II fails to allege either the existence of an enforceable contract or a proper basis for the remedy of specific performance. In support of a dismissal pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)), the defendant asserted that: (1) the plaintiff lacks standing to file suit on behalf of a nonexistent entity; (2) the plaintiff cannot bring a derivative action on behalf of a nonexistent corporation; (3) both counts of the complaint are based upon an unenforceable document, referencing future action and undefined terms; (4) the "Letter of Intent" lacks consideration; (5) count II of the complaint seeks specific performance of the payment of money by the defendant from funds which are exempt from judgment, attachment or seizure for the satisfaction of debts pursuant to section 12-1006(a) of the Code (735 ILCS 5/12-1006(a) (West 2014)); and (6) the scheme described in the Letter of Intent violates federal and state securities laws and is unenforceable.

¶ 6    The plaintiff filed a written response to the motion, and, thereafter, the defendant filed her reply in support. Following argument by counsel for both parties, the circuit court entered an order granting the defendant's motion to dismiss on section 2-615 grounds, without prejudice, and granting the defendant's motion to dismiss on section 2-619 grounds, with prejudice. In support of its dismissal pursuant to section 2-619, the court specifically found that "no enforceable contract was formed," the plaintiff lacked standing to bring the action "because the funds were to be paid to a corporation that was not formed," and "no consideration existed." Thereafter, the plaintiff filed a timely notice of appeal.

¶ 7    The defendant's motions to dismiss were brought pursuant to section 2-619.1 of the Code which permits a party to move for dismissal under both sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-619.1 (West 2014). A section 2-615 motion to dismiss attacks the legal

- 3 -

sufficiency of a complaint. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29. A motion brought pursuant to section 2-619 admits the sufficiency of the complaint, but asserts affirmative matter that avoids or defeats the claim. *Id.* We review a dismissal under either section 2-615 or section 2-619 *de novo. Id.*

¶ 8    Although the circuit court found in support of its dismissal under section 2-619 of the Code both that no enforceable contract was formed by the "Letter of Intent" and that no consideration existed, these findings go to the legal sufficiency of the allegations in the plaintiff's complaint; a section 2-615 inquiry. As we may affirm the circuit court on any grounds supported by the record, regardless of whether the circuit court relied on those grounds or whether the circuit court's reasoning was correct (*Suchy v. City of Geneva*, 2014 IL App (2d) 130367, ¶ 19), we will address the merits of the circuit court's findings as we can discern no prejudice to the plaintiff in our doing so (see *Wallace v. Smyth*, 203 Ill. 2d 441, 447 (2002)).

¶ 9    The question of whether a complaint sets forth the essential elements of a cause of action addresses its legal sufficiency. In resolving the issue, we accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts which are favorable to the plaintiff. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. However, we do not accept as true legal or factual conclusions which are not supported by specific allegations of fact upon which those conclusions rest. *Id.*

¶ 10   In this case, our analysis has been made extremely difficult by the wording of the "Letter of Intent" itself. The plaintiff characterizes the wording of the document as "in artful." The description is an understatement. The document is a drafting nightmare which is, in a number of paragraphs, barely understandable.

¶ 11   In determining whether the complaint set forth a cause of action for breach of contract, we must determine whether the wording of the "Letter of Intent" coupled with the allegations of the complaint satisfy the elements of offer, acceptance, consideration, definite and certain terms, performance by the plaintiff, breach by the defendant, and damages resulting from the breach. *CNA International, Inc. v. Baer*, 2012 IL App (1st) 112174, ¶ 45.

¶ 12   According to the "Letter of Intent," a private placement offering for Auto Consignment and Exchange Depot was to be created by an unnamed law firm on behalf of the plaintiff, Mahoney, and the defendant. The plaintiff was to own 45% of the common shares and act as the general manager of the entity. Mahoney was to own 45% of the common shares and act as the general sales manager. Together, the plaintiff and Mahoney were to be in charge of all business decisions and have exclusive voting rights. The defendant was to create a "Solo 401k Roll over" (presumptively a 401k rollover retirement account) that was to acquire 10% of the shares of the corporation in exchange for the payment of $1 million. The defendant's shares were to be nonvoting. The $1 million to be paid from the defendant's 401k account in exchange for 10% of the stock of Auto Consignment and Exchange Depot was to be used for "start up costs." Additionally, the defendant was to pay any attorney fees and "additional start up costs," prior to the $1 million payment, which sums were to be subtracted from the $1 million when that sum was transferred to the company. The complaint alleges that the defendant breached her obligations under the "Letter of Intent" by failing to pay the $1 million.

¶ 13   In his brief before this court, the plaintiff asserts that the "Letter of Intent" is a valid contract and that it "created reciprocal rights and duties benefiting both parties." The plaintiff argues that, since the "Letter of Intent" is a contract between "co-promoters" of a corporation

to be formed, it may be enforced, each promoter against the other. In contrast, the defendant argues that, even assuming that the plaintiff, Mahoney, and the defendant were copromoters of a corporation, the "Letter of Intent" imposed no duties or obligations on the part of the plaintiff or Mahoney and, therefore, lacked consideration.

¶ 14    "A promoter of a corporation is one who actively assists in creating, projecting and organizing a corporation." *Tin Cup Pass Ltd. Partnership v. Daniels*, 195 Ill. App. 3d 847, 850 (1990). It is true, as the plaintiff asserts, when there is a contract between copromoters of a corporation it may be enforced, each promoter against the other. *Geving v. Fitzpatrick*, 56 Ill. App. 3d 206, 210 (1978). However, the mere fact that one is a promoter of a corporation does not, of itself, make her personally liable to her copromoters. *Id*.

¶ 15    Whether the "Letter of Intent" in this case is, as the plaintiff argues, a valid contract is, in part, dependent upon whether it is supported by consideration. Consideration is an essential element to any contract. *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 21 (quoting *Armstrong Paint & Varnish Works v. Continental Can Co.*, 301 Ill. 102, 108 (1921)). Consequently, a complaint failing to allege consideration fails to allege an enforceable contract and, therefore, fails to allege facts sufficient to support either a claim for breach of contract or an action for specific performance.

¶ 16    " 'Consideration' is the 'bargained-for exchange of promises or performances, and may consist of a promise, an act or a forbearance.' [Citation.]" *Id*. ¶ 23. It is "some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss of responsibility given, suffered or undertaken by the other." *Lindy Lu LLC v. Illinois Central R.R. Co.*, 2013 IL App (3d) 120337, ¶ 22.

¶ 17    Absent from the facts pled in the plaintiff's complaint is any specific allegation of consideration. The issue then becomes whether the provisions of the "Letter of Intent" satisfy the requirement of consideration necessary to the formation of a valid and enforceable contract.

¶ 18    The "Letter of Intent" states that the defendant was to: (1) create a 401k account; (2) cause the 401k account to acquire 10% of the stock of Auto Consignment and Exchange Depot for the sum of $1 million; and (3) advance attorney fees and costs "in order to help the structural process go underway." According to the "Letter of Intent," the plaintiff was to act as general manager of the dealership, and Mahoney was to act as its general sales manager. However, there is no durational term for their services set forth in the document or otherwise alleged in the complaint. Other than the provision providing that the plaintiff and Mahoney "will be" the general manager and the general sales manager, respectively, there are no other obligations imposed on either set forth in the "Letter of Intent" or alleged in the complaint.

¶ 19    When, as in this case, there is no other consideration for an agreement, the mutual promises of the parties must satisfy the consideration requirement for contract formation, and these promises must be binding on both parties or the contract fails for want of consideration. *Carter*, 2012 IL 113204, ¶ 21. That is to say, either both parties to the agreement are bound or neither is bound.

¶ 20    An illusory promise appears to be a promise, but in actuality the promisor has not agreed to do anything. *W.E. Erickson Construction, Inc. v. Chicago Title Insurance Co.*, 266 Ill. App. 3d 905, 909 (1994). It is also defined as a promise for which performance is optional. *Id*. We believe that is the case in this instance.

¶ 21     To the extent that the provision in the "Letter of Intent" which provides that the plaintiff "will be the General Manager of the dealership and Shawn Mahoney will be the General Sales Manager" might be construed as their undertakings to perform in those capacities, their undertakings are illusory. Absent a fixed time or duration of their services set forth in the "Letter of Intent" or otherwise alleged in the complaint, the undertaking that either the plaintiff or Mahoney would act in their respective capacity is presumed to be terminable at will. See *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 489 (1987). Being terminable at will, performance on their part is entirely optional.

¶ 22     The illusory undertakings of the plaintiff and Mahoney to act as general manager and general sales manager of Auto Consignment and Exchange Depot are not sufficient consideration to support a contract. *W.E. Erickson Construction, Inc.*, 266 Ill. App. 3d at 909. Therefore, in the absence of any other undertaking on the part of the plaintiff, we conclude that the "Letter of Intent" fails as an enforceable contract for want of consideration.

¶ 23     Having found that the "Letter of Intent," lacking in consideration, is not a valid and enforceable contract, we need not address any of the defendant's other arguments in support of the circuit court's order dismissing the plaintiff's complaint. And for the reasons stated, we affirm the order of the circuit court dismissing both counts of the plaintiff's complaint, with prejudice.

¶ 24     Affirmed.