2023 IL App (1st) 190293-U
No. 1-19-0293

FIRST DIVISION
June 12, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| GEORGE BOULOS, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Municipal |
| Plaintiff-Appellant, | ) | Department, First Division |
| | ) | |
| v. | ) | No. 2018 M1 110228 |
| | ) | |
| PETER BRUSS | ) | The Honorable |
| | ) | Yvonne Coleman, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the circuit court in favor of Defendant and against Plaintiff in the underlying small claims suit regarding a breach of contract dispute regarding the sale of photos. In the interest of judicial economy, we remand the matter to the circuit court to determine Defendant's compliance with the court's order to return the 71 photos identified in the court's judgment order.

¶ 2    Plaintiff-Appellant George Boulos ("Boulos") filed a *pro se* complaint in small claims court regarding a contract dispute between himself and Defendant-Appellee Peter Bruss ("Bruss.") Following a bench trial, the circuit court entered judgment in favor of Bruss and against Boulos. The circuit court also ordered Bruss to return certain photos in his possession at issue in the

litigation. Boulos now appeals from the judgment of the circuit court, seeking reversal of the decision, fees and costs of the underlying litigation and appeal, consideration of whether Bruss violated the court's order to return the photos by the deadline provided, and for this Court to direct the circuit court to determine whether Bruss's alleged violation of its order warrants an adjudication of indirect criminal contempt. For the following reasons, we affirm the judgment of the circuit court, and we remand the matter to the court for determination of whether Bruss violated the court's order regarding return of certain photos.

¶ 3                                    BACKGROUND

¶ 4     This matter arises out of a dispute regarding the sale of photos. Boulos and Bruss first interacted around November 2017, when Bruss, an art dealer, purchased some vintage photos from Boulos's eBay store.  Later, Bruss contacted Boulos via his eBay email account to inquire about purchasing additional photos. The parties continued the rest of their conversations and transactions off of eBay, communicating via email and one phone call, the length of which the parties disputed at trial, but which both agree occurred. Boulos presented at trial several pages of extensive email communications between the parties, discussing Bruss's purchase of more vintage photos from Boulos, including discussion of photo quality, the kind and quality of photos Bruss was interested in purchasing, whether to conduct a bulk sale or as individual pieces, etc.

¶ 5     Following these negotiations, the parties eventually agreed to the sale of 90 photos for the price of $10,409.50. Bruss made a down payment of $500, and Boulos sent the photos. After receiving the photos, Bruss emailed Boulos and informed him that some of the photos were not in good condition, that he was sending those photos back, and that he offered to make immediate partial payment of $5,000, plus the remaining balance after the proper adjustments were made. Boulos responded that he considered this a breach of their agreement, and demanded the return of

all 90 photos that Bruss purchased. The parties were unable to resolve their differences, and Boulos filed a complaint in small claims court, seeking the remaining $9,909.50 balance, plus interest and costs of litigation, on April 19, 2018.

¶ 6    The circuit court held a bench trial on September 25, 2018. After the close of Boulos's case, Bruss moved for a directed judgment on the grounds that Boulos had failed to prove the existence of an enforceable contract. The court denied the motion, and in a ruling issued on January 10, 2019, the court found that the parties had a valid and enforceable oral contract for the sale of 90 photos for the price of $10,409.50. The circuit court further found that, under the terms of the contract, Boulos had an obligation to deliver photos that met Bruss's requirements regarding condition and quality. Noting that the only evidence on the condition and quality of the photos came from the testimony of the parties, and further noting Bruss's expertise as an art and antiques dealer, the court determined that Bruss was only obligated to pay for the photos that were in good condition as per his opinion. The court entered judgment in favor of Bruss and against Boulos, with each party to bear their own costs of litigation. The court additionally ordered that Bruss return the 71 photos in his possession within 20 days.

¶ 7    Boulos now appeals *pro se* from that order. He argues, without citation to any caselaw supporting his claims, that the circuit court erred in its findings of facts, and that it was unreasonable for the circuit court not to award Boulos his litigation costs because Bruss violated the circuit court's order by failing to return all 71 photos at issue by the court's deadline. The court's factual findings with which Boulos takes issue are: (a) the finding of an oral, rather than written contract and the court's treatment of the conflicting evidence regarding the single phone call between the parties; (b) the court's alleged ignoring of certain email exchanges in which Bruss, after Boulos showed him examples of some of the photos and/or described their condition,

including flaws, if any, told Boulos that he did not need further details on the remainder of the photos, as he trusted Boulos to price the photos accordingly based on their individual quality; and (c) the court's alleged ignoring of Boulos's testimony that because he agreed to receive payment (minus $500) after Bruss received the photos, contingent on the photos arriving in "good order," this was evidence of Boulos's honest and transparent dealings, and therefore the court should have found that Bruss, and not Boulos, breached the contract. Boulos also claims that Bruss violated the court's order by failing to return all of the 71 photos at issue, failing to return them by the court's 20-day deadline, failing to return the photos in good condition, and by selling some of the photos on his eBay store instead of returning them. Bruss did not respond to Boulos's argument on appeal.

¶ 8     Boulos requests the following relief: (a) reversal of the circuit court's judgment, (b) an award of litigation costs and expenses from the underlying case and the present appeal; (c) this Court's consideration of "the repercussions of [Boulos's] claim" that Bruss violated the circuit court's order by "deliberately not returning all the goods he was ordered to return," and (d) for this Court to direct the circuit court to "try to ascertain that that issue [of Bruss's alleged violation of the court's order] be appropriately addressed" by the circuit court upon a petition for adjudication of indirect criminal contempt.

¶ 9                                      ANALYSIS

¶ 10                               <u>Record on Appeal</u>

¶ 11    As an initial point, we note certain issues pertaining to the record in this matter. As there was no transcript in the underlying bench trial, Boulos, without attempting to prepare a bystander's report with Bruss's counsel, submitted his own proposed report, which the circuit court denied. Boulos petitioned this Court for a writ of mandamus to have the circuit court approve his report. We denied the petition, and granted Boulos time to file the bystander's report approved by the

circuit court. While Boulos refers to the existence of a bystander's report prepared by the circuit court, this report is not included in the record. Additionally, the record does not contain any filings from Bruss, apart from his opposition to Boulos's motion to approve his bystander's report. Despite the limited record on appeal, it is certified by the circuit court and shall be considered as true and accurate. *See* Ill. Sup. Ct. R. 323(c), 329; *Herhold v. Herhold*, 123 Ill.App.2d 329, 296 (1st Dist. 1970) (The trial court's certification of the record is conclusive in the reviewing court.) Furthermore, the information before us is sufficient to allow us to discern the issues and consider this appeal.

¶ 12                                    Standard of Review

¶ 13    Boulos states on appeal that the issues presented relate to the circuit court's findings of facts. A trial court's findings of facts are awarded significant deference and will not be disturbed on appeal unless they are against the manifest weight of the evidence. *Eychaner v. Gross*, 202 Ill.2d 228, 251 (2002); *Cole v. Guy*, 183 Ill.App.3d 768, 775 (1st Dist. 1989). A decision is against the manifest weight of the evidence only where an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence. *Eychaner¸* 202 Ill.2d at 252; *Rhodes v. Illinois Central Gulf R.R.*, 172 Ill.2d 213, 242 (1996). We bear in mind that the trial judge has the benefit of observing the conduct and representations of the parties, counsel, witnesses, and all others present at trial, and thus is better positioned than this Court to weigh the credibility, truthfulness, and potential bias of the testimony presented before it, and to resolve conflicting testimony. *Eychaner*, 202 Ill.2d at 251; *Cole*, 183 Ill.App.3d at 775.

¶ 14                          The Circuit Court's Findings of Fact

¶ 15    The first issue Boulos raises is that the court erred in finding the existence of an oral contact rather than a written contract consisting of the emails exchanged between the parties, which

include all of the terms of their agreement. Regardless of the contract's form, Boulos does not challenge the circuit court's findings that a valid, enforceable contract existed between the parties, for the sale of 90 photos for the price of $10,409.50. Because the form of the contract is irrelevant in this matter, we decline to make any determination on the circuit court's findings, and furthermore, we note that we may affirm the circuit court on any grounds supported by the record, regardless of whether the circuit court relied on those grounds or whether the circuit court's reasoning was correct. *See DiCosola v. Ryan*, 2015 IL App (1st) 150007, ¶ 8. Regardless of whether the contract was written or oral, the record supports a finding of the existence of an enforceable contract, with the terms identified by the circuit court in its order, and whether the contract was oral or written is immaterial to our decision.

¶ 16    Boulos next claims that the circuit court ignored portions of the parties' email exchanges in which, after Boulos sent Bruss specific details about the quality of various photos, Bruss informed him that he need not contact Bruss about any minor flaws with the remaining photos, as Bruss trusted him to price them accordingly. This, Boulos claims, meant that Bruss waived any right to return or refuse payment of photos that did not meet his standards. We find the circuit court's determinations that Boulos was obligated to deliver photos that met Bruss's requirements is not against the manifest weight of the evidence, and Bruss was only obligated to pay for the photos that were, in his opinion, in good condition. We note that these conclusions are not at odds with Bruss expressing trust in Boulos pricing the photos according to their condition. Giving deference to the circuit court in hearing the parties' testimony at trial, we decline to reverse the court's judgment.

¶ 17                    Whether Boulos Could Recover Court Costs

¶ 18    In addition to seeking reversal of the circuit court's judgment against him and in favor of Bruss, Boulos argues that the court should have ordered Bruss to pay Boulos's litigation costs and expenses in addition to ordering him to return the 71 photos. He claims that, prior to filing suit, he gave Bruss the option to return the photos, which he did not do. Therefore, according to Boulos, Bruss made it necessary for Boulos to incur the costs of filing suit, and the court should have required Bruss to pay those costs. Boulos provides no authority to support his challenge to the circuit court's choice of relief. Contrary to Boulos's contention, he chose to file suit against Bruss to enforce the agreement between them. Generally, parties are responsible for their own litigation costs, absent the existence of a statute authorizing the recovery of costs by the prevailing party. *Grauer v. Clare Oaks*, 2019 IL App (1st) 180835, ¶ 146. Boulos does not claim that any such statute applies in this matter. Furthermore, Boulos was not the prevailing party in the underlying suit.

¶ 19                    Whether Bruss Violated the Circuit Court's Order

¶ 20    Finally, Boulos argues that Bruss violated the circuit court's order to return the 71 photos within 20 days of the judgment, and seeks from this Court an order instructing the circuit court to consider whether Bruss could be held in indirect criminal contempt. This Court is not the correct forum for enforcing the circuit court's order, nor would it be proper for us to instruct the circuit court to consider a hypothetical petition from Boulos to have Bruss held in criminal contempt. If Boulos wishes to file such a petition with the circuit court, that is his prerogative and we make no further statement on this issue. Furthermore, if Boulos believes that Bruss violated the circuit court's order, he can seek enforcement of that order with the circuit court. To that effect, we remand this matter for the circuit court to determine Bruss's compliance with its order.

¶ 21                                                 CONCLUSION

¶ 22     For the foregoing reasons, the judgment of the Circuit Court of Cook County in favor of Defendant and against Plaintiff is affirmed. The matter is remanded to the circuit court for the purpose of determining Defendant's compliance with the court's instructions to return the 71 photos referenced in the court's order.

¶ 23     Affirmed and remanded.